**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CRAIG CALDWELL,<br><br>          Plaintiff,<br><br>  v.<br><br><br>SANTANDER CONSUMER USA HOLDINGS INC., MAHESH ADITYA, HOMAIRA AKBARI, JUAN CARLOS ALVAREZ DE SOTO, LEONARD COLEMAN, JR., STEPHEN A. FERRISS, VICTOR HILL, EDITH E. HOLIDAY, JAVIER MALDONADO, ROBERT MCCARTHY, WILLIAM MUIR, AND WILLIAM RAINER,<br><br>          Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Craig Caldwell ("Plaintiff") by and through his undersigned attorneys, brings this action on behalf of himself, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Santander Consumer USA Holdings Inc. ("SC" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on the Company's website concerning the Company's public

statements; and (d) review of other publicly available information concerning SC and the Defendants.

## SUMMARY OF THE ACTION

1. This is an action brought by Plaintiff against SC and the Company's Board of Directors (the "Board" or the "Individual Defendants") for violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9") in connection with the proposed acquisition of the Company by Santander Holdings USA, Inc. ("SHUSA") (the "Proposed Transaction").

2. On August 23, 2021, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Max Merger Sub, Inc., an indirect wholly owned subsidiary of SHUSA ("Merger Sub") and SHUSA. Pursuant to the terms of the Merger Agreement the Company's shareholders will have the right to receive $41.50 in cash for each share they own (the "Merger Consideration").

3. On September 7, 2021, in order to convince the Company's shareholders to tender their shares in favor of the Proposed Transaction, the Board authorized the filing of a materially incomplete and misleading Solicitation/Recommendation Statement with the SEC (the "Recommendation Statement").

4. As set forth more fully herein, Plaintiff seeks to enjoin Defendants from proceeding with the Proposed Transaction.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act, 15 U.S.C § 78aa, and 28 U.S.C. § 1331, as Plaintiff alleges violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act.

6. This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, the owner of SC shares.

9. Defendant SC is incorporated under the laws of Delaware and has its principal executive offices located at 1601 Elm Street, Suite 800, Dallas, Texas 75201. The Company's common stock trades on the New York Stock Exchange under the symbol "SC."

10. Defendant Mahesh Aditya ("Aditya") is and has been the President, Chief Executive Officer ("CEO"), and a director of SC at all times during the relevant time period.

11. Defendant Homaira Akbari ("Akbari") is and has been a SC director at all times during the relevant time period.

12. Defendant Juan Carlos Alvarez de Soto ("Alvarez") is and has been a SC director at all times during the relevant time period.

3

13. Defendant Leonard Coleman, Jr. ("Coleman") is and has been a SC director at all times during the relevant time period.

14. Defendant Stephen A. Ferriss ("Ferriss") is and has been a SC director at all times during the relevant time period.

15. Defendant Victor Hill ("Hill") is and has been a SC director at all times during the relevant time period.

16. Defendant Edith E. Holiday ("Holiday") is and has been a SC director at all times during the relevant time period..

17. Defendant Javier Maldonado ("Maldonado") is and has been a SC director at all times during the relevant period.

18. Defendant Robert J. McCarthy ("McCarthy") is and has been a SC director at all times during the relevant time period.

19. Defendant William F. Muir ("Muir") is and has been a SC director at all times during the relevant time period.

20. Defendant William Rainer ("Rainer") is and has been the Chairman of the Board of SC at all times during the relevant time period.

21. Defendants Aditya, Akbari, Alvarez, Coleman, Ferriss, Hill, Holiday, Maldonado, McCarthy, Muir, and Rainer are collectively referred to herein as the "Individual Defendants."

22. The Individual Defendants, along with Defendant SC, are collectively referred to herein as "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

23. SC a specialized consumer finance company, provides vehicle finance and third-party servicing in the United States. It offers vehicle financial products and services, including retail installment contracts and vehicle leases, as well as dealer loans for inventory, construction, real estate, working capital, and revolving lines of credit. The company also provides financial products and services related to recreational and marine vehicles; originates vehicle loans through RoadLoans.com, a web-based direct lending program; purchases vehicle retail installment contracts from other lenders; and services automobile, and recreational and marine vehicle portfolios for other lenders. In addition, it originates private-label loans and leases; and offers personal loans, as well as provides point-of-sale financing.

**The Company Announces the Proposed Transaction**

24. On July 2, 2021, the Company jointly issued a press release announcing the Proposed Transaction. The press release stated in part:

> BOSTON--(BUSINESS WIRE)--Santander Holdings USA, Inc. ("SHUSA") today announced that it submitted a proposal to Santander Consumer USA Holdings Inc. ("SC") yesterday to acquire all outstanding shares of common stock of SC not already owned by SHUSA for $39.00 per share in cash. The proposal represents a 7.4% premium to Wednesday's closing price of $36.32 and a 30.4% premium to SC's average share price since January 1, 2021. SHUSA currently owns approximately 80% of SC's outstanding shares of common stock and, if the transaction is completed, SC would become a wholly-owned subsidiary of SHUSA.
>
> Additional information regarding SHUSA's proposal is included in a letter that SHUSA delivered to SC, which is attached to this press release.
>
> There can be no assurance that the proposal will lead to a transaction or as to any of the terms or conditions of such transaction.
>
> J.P. Morgan Securities LLC is acting as financial advisor and Wachtell, Lipton, Rosen & Katz is acting as legal counsel to SHUSA.

**FALSE AND MISLEADING STATEMENTS
AND/OR MATERIAL OMISSIONS IN THE RECOMMENDATION STATEMENT**

25.     On September 7, 2021, the Company authorized the filing of the Recommendation Statement with the SEC.  The Recommendation Statement recommends that the Company's shareholders tender their shares in favor of the Proposed Transaction.

26.     Defendants were obligated to carefully review the Recommendation Statement prior to its filing with the SEC and dissemination to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Recommendation Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make informed decisions concerning whether to tender their shares in favor of the Proposed Transaction.

**Material False and Misleading Statements or Material
Misrepresentations or Omissions Regarding the Financial Opinion**

27.     The Recommendation Statement contains the financial analyses and opinion of Piper Sandler & Co. ("Piper Sandler") concerning the Proposed Transaction, but fails to provide material information concerning such.

28.     With respect to Piper Sandler's *Dividend Discount Model Analysis*, the Recommendation Statement fails to disclose: (i) the Company's estimated net income and earnings per share growth rates for the years ending December 31, 2025 and December 31, 2026; (ii) the basis underlying Piper Sandler's assumption that on an annual basis the Company would distribute any excess capital beyond the capital necessary to maintain the Company's publicly available CET1 ratio target of 11.5%; (iii) the inputs and assumptions underlying Piper Sandler's application of terminal Price / earnings multiples ranging from 6.6x to 8.6x; (iv) the Company's

6

terminal values; and (v) the inputs and assumptions underlying Piper Sandler's use of discount rates ranging from 10.0% to 14.0%.

29. With respect to Piper Sandler's *Excess Capital Analysis*, the Recommendation Statement fails to disclose: (i) the inputs and assumptions underlying Piper Sandler's use of the CETI ratio targets ranging from 10.0% to 13.0%; (ii) the inputs and assumptions underlying Piper Sandler's use of multiples ranging from 6.6x to 8.6x; and (iii) the Company's long term earnings average.

30. With respect to Piper Sandler's *Hypothetical Stock Buyback Analysis*, the Recommendation Statement fails to disclose the inputs and assumptions underlying Piper Sandler's use of earning multiples ranging from 6.6x to 8.6x.

31. With respect to Piper Sandler's *Selected Public Comparables Analysis*, the Recommendation Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

32. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed. Moreover, the disclosure of projected financial information is material because it provides shareholders with a basis to project the future financial performance of a company and allows shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion.

### Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding the Background of the Transaction

33. The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

34. The Recommendation Statement fails to disclose whether there were any discussions regarding the future employment of officers and/or directors at or prior to execution of the Merger Agreement.

35. Without the above described information, the Company's shareholders are unable to make a fully informed decision as to whether to tender their shares in favor of the Proposed Transactions. Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

## COUNT I

### (Against All Defendants for Violations of Section 14(d) of the Exchange Act and Rule 14a-9 Promulgated Thereunder)

36. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37. Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder makes it a requirement to make full and complete disclosure in connection with tender offers.

38. As discussed herein, the Recommendation Statement, while soliciting shareholder support for the Proposed Transaction, misrepresent and/or omit material facts concerning the Proposed Transaction.

39. Defendants prepared, reviewed, filed and disseminated the false and misleading Recommendation Statement to SC shareholders. In doing so, Defendants knew or recklessly disregarded that the Recommendation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

40. The omissions and incomplete and misleading statements in the Recommendation Statement are material in that a reasonable shareholder would consider them important in

deciding whether to tender their shares in favor of the Proposed Transaction. In addition, a reasonable investor would view such information as altering the "total mix" of information made available to shareholders.

41. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Recommendation Statement, Defendants were undoubtedly aware of this information and had previously reviewed it, including participating in the Proposed Transaction negotiation and sales process and reviewing SC's financial advisor's complete financial analyses purportedly summarized in the Recommendation Statement.

42. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

43. SC is deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Recommendation Statement.

44. Defendants knew that Plaintiff would rely upon the Recommendation Statement in determining whether to tender their shares in favor of the Proposed Transaction.

45. As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder, absent injunctive relief from the Court, Plaintiff will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

46. Plaintiff has no adequate remedy at law.

## COUNT II

**(Against All Defendants for
Violation of Section 14(e) of the Exchange Act)**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made false statements of material fact or failed to state all material facts that would be necessary to make the statements made, in light of the circumstances, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Proposed Transaction.

49. Defendants knew that Plaintiff and the Company's shareholders would rely upon their statements made in the Recommendation Statement in determining whether to tender shares in favor of the Proposed Transaction.

50. As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

### COUNT III

**(Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act)**

51. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of SC within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of SC, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed

with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

53. Each of the Individual Defendants were provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations alleged herein, and exercised the same. The Recommendation Statement contain the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons and the acts described herein, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

56. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

57. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. Directing the Individual Defendants to disseminate an Amendment to the Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C. Directing Defendants to account to Plaintiff for all damages sustained because of the wrongs complained of herein;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 20, 2021

Respectfully submitted,

By: */s/ Joshua M. Lifshitz*
Joshua M. Lifshitz
Email: jml@jlclasslaw.com
**LIFSHITZ LAW FIRM, P.C.**
1190 Broadway,
Hewlett, New York 11557
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff*